Gustavo **ALVAREZ–PONCE,**
Petitioner,

v.

Michael B. **MUKASEY,**\* Attorney
General, Respondent.

No. 06–71838.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, Petitioner.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office Of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin K. Edison, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Gustavo Alvarez–Ponce, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

We agree with the BIA's conclusion that former counsel's performance did not result in prejudice to Alvarez, and thus his claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

32

The BIA did not abuse its discretion by denying Alvarez's motion to reopen as it relates to hardship to his new wife and child, and separation from his former partner, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.